IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                              Plaintiff,

  v.

RORY FOSTER,

                              Defendant.

OPINION and ORDER

18-cv-601-jdp

---

Plaintiff Mary Ann Nawrocki, appearing pro se, alleges that defendant Rory Foster stole ideas for products that she had been developing. The court previously allowed Nawrocki to proceed without prepayment of any portion of the filing fee.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must read her pro se complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), and accept her allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). I conclude that the case must be dismissed for Nawrocki's failure to state a claim upon which relief may be granted.

ALLEGATIONS OF FACT

Nawrocki alleges that she met with defendant Rory Forster, an attorney, at the Urban League of Madison. She sought help with a discrimination lawsuit. After a long conversation, Foster stated that he would not represent Nawrocki in her discrimination case. But as they continued to talk, they discussed unidentified "products" that Nawrocki had invented or was

developing. Nawrocki says that Foster "did not ask about the products, just the 'claims' to the products," and that when she discussed the claims, he "perked up, as if he had finally received what he had come for." Dkt. 1, at 3. Foster wrote down the claims on a piece of paper. By "claims," I take Nawrocki to mean something similar to patent claims describing the invention.

At the conclusion of their conversation, Foster said that he was not going to help Nawrocki with her products, but he wrote down some information about where she might receive help. Nawrocki left the meeting, thinking that the paper Foster gave her would contain both the information about legal help and the product claims. But later, she saw that the piece of paper had only the information about legal help. Nawrocki believes that Foster took the claim information either for his own use or the use of someone in the state government. She later learned that Foster is an intellectual property lawyer. She contacted him and he said that he was not going to represent her. Since then, he will not return her calls.

ANALYSIS

Nawrocki believes that Foster stole her "claims" at the behest of the state government. But all she describes is a consultation she had with a lawyer who ultimately decided not to represent her with either her discrimination lawsuit or with her products. The fact that Foster apparently took a piece of paper detailing information about the products is not enough to maintain any type of claim under federal or state law. Nawrocki's suspicions are raised by the fact that the lawyer she met with to discuss her discrimination claims ended up being an intellectual property lawyer, but it is extremely implausible that Foster's goal in meeting with prospective clients at the Urban League was to trick them into revealing product ideas that he could steal. Nawrocki's mere belief that Foster plans on using the information in any way,

including giving it to the state government, cannot reasonably support a claim. And in any event, she does not suggest that Foster has in fact used the information in any way. I note further than Wisconsin's Rules of Professional Conduct for lawyers prohibit Foster from sharing information he has learned from a potential client.

Pro se plaintiffs should usually be given a chance to amend a complaint that fails to state a claim for relief, but in this instance it is clear that Nawrocki's allegations do not support any claims. So I will dismiss the case.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Mary Ann Nawrocki's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered November 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge